CITY OF WARD, Arkansas and CITY COUNCIL OF
WARD, Arkansas *v.* WARD WATER AND SEWER
SYSTEM, Ward, Arkansas, by Nicholas PEHOSH, John
COX, Inez E. YARBROUGH, Virgil D. TEMPLE and
Billy J. BAILEY, Commissioners

83-19                                             655 S.W.2d 454

Supreme Court of Arkansas
Opinion delivered July 18, 1983
[Rehearing denied September 12, 1983.]

*William G. Fleming,* for appellants.

*James B. Gannoway* and *Bert N. Darrow,* for appellees.

STEELE HAYS, Justice. The single issue presented is
whether the city council of an Arkansas municipal corpora-

tion, having adopted an ordinance creating a water and sewer commission, may abolish the commission by a majority vote.

On August 16, 1982 the Ward City Council passed Ordinance No. W2-82, providing for the abolishment of the Ward Water and Sewer Commission, created some fifteen years earlier, and for the operation of the system under the supervision of the Mayor and City Council. The ordinance was adopted by separate votes of four to three, the Mayor voting for passage of the resolution.

Appellees, who are the current appointees to the commission, brought suit against Ward and the City Council, appellants, to declare that the water and sewer system cannot be abolished, nor any commissioner removed, except by a two-thirds vote in accordance with the provisions of Ark. Stat. Ann. § 19-4201, et seq. (Repl. 1980).

The issues were submitted upon a stipulation of facts, from which the trial court held that the commission had not been legally abolished by the council. On appeal, the holding must be reversed.

It is the appellees' position that because the ordinance abolishing the commission was adopted by a majority vote and because Ark. Stat. Ann. § 19-4222 requires a two-thirds vote for the removal of a commissioner for cause, the attempted abolishment is of no effect. We disagree. The removal of one or more commissioners for cause cannot be equated with the abolishment of the commission itself, although it has the obvious effect of separating the commissioner from the office he holds. But he has not been removed, the office itself has been terminated. See *Ellis* v. *Allen,* 202 Ark. 1007, 154 S.W.2d 815 (1941) and *Gentry* v. *Harrison,* 194 Ark. 916, 110 S.W.2d 497 (1937). The requirement of § 19-4222 that a commissioner can be removed only for cause by a two-thirds vote is doubtless intended to promote the autonomy of the commission and to insure its independence, but the provision cannot be construed by implication to curtail the power of a legislative

body to undo by majority vote what it is empowered to do by majority vote.

Certainly, if the council by a majority vote attempted to abolish the commission simply as a pretext for the removal of one set of commissioners to be replaced by another, such a move would clearly be proscribed by § 19-4222. But that is not at issue here, as there is no contention that the council is bent on a replacement of the commissioners. The ordinance itself states that the operation of the system will be under the Mayor and City Council.

Appellees argue that nothing in our statutes (Ark. Stat. Ann. § 19-4201 through § 19-4276) permits the abolishment of the water commission and, in fact, several sections imply that the commission is a continuing entity. The trial court relied on § 19-4223 and § 19-4227 in finding that the commission has continuing authority and, therefore, could not be abolished. The first speaks of the unlimited authority of the commissioners to manage, operate, improve and maintain the system and the second of the duty of the Mayor and City Council to execute such instruments and enact such measures as may be necessary to vest complete charge of the system in the commissioners, subject to mandamus if need be.

We do not question the legislative purpose behind the several acts comprising Title 19 of our code as intending to invest absolute authority in the commission for the management and operation of the water and sewer systems. Nonetheless, in the absence of any provision, either express or rationally implied, that a water and sewer commission, once established, can never be abolished by the governing body that created it, we are bound to recognize the settled rule of law that whatever a municipal government may do by a majority vote, it may undo by majority vote, absent constitutional or statutory restrictions. 62 C.J.S. *Municipal Corporations,* § 558 (e), p. 1040 (1949) and 56 Am.Jur.2d *Municipal Corporations,* § 239, p. 298 (1971). It is a firm rule that the power to make legislation includes the power to repeal. J. Dillon, Municipal Corporations, § 584, vol. 2, p. 919 (5th ed. 1911).

The general rule is stated clearly in E. McQuillin, Municipal Corporations, § 21.10, vol. 6, p. 193 (3rd ed. rev. 1980):

Quite commonly by express provision of charter or statute a municipal corporation may repeal as well as make and amend ordinances. Specific grant of power to repeal ordinances, however, ordinarily is not necessary since *it is the general rule that power to enact ordinances implies power, unless otherwise provided in the grant, to repeal them.* It is patently obvious that the effectiveness of any legislative body would be entirely destroyed if the power to amend or repeal its legislative acts were taken away from it. [Footnotes omitted.] (our italics.)

As we have said, a search of our pertinent statutes yields nothing restricting the power of a city to abolish a water commission, including the sections appellees rely on, and we cannot read into those the interpretation appellees would have us make. Whether the repealing ordinance will prove to be in the best interest of the City of Ward is not for us to judge, but it is clear under the law that our statutes cannot by implication deprive the Ward City Council of the power to abolish its water and sewer commission. Accordingly, the judgment is reversed.

ADKISSON, C.J., and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. I simply cannot understand why a water works commission can be abolished by a majority vote of a city council when it takes a two-thirds vote to remove a single commissioner. Act 215 of 1937 is codified in Ark. Stat. Ann. § 19-4219, *et seq.* (Repl. 1980). It does not require any city to establish a water works commission. However, if such a commission is established it shall have complete authority to manage, operate, improve, extend and maintain the distribution system, and shall have complete power over its property and employees. Ark. Stat. Ann. § 19-4223. The General Assembly granted cities the right to create water works commissions but did not see fit to grant authority to abolish a commission. If the commission

owns the system what becomes of it when the city council usurps the office and powers of the commission? When the City of Ward entered into an agreement with the Farmers Home Administration in 1967, partially in exchange for a $153,000 grant, it undertook to abide by the terms of the agreement for a period of 40 years.

Will the city council now act as the Municipal Water Works Commissioners or assume these duties in addition to their obligations as members of the city council? Certainly the people of Ward and the entity holding the obligation due from the city have a right to expect continuity in the operation of the Municipal Water Works Commission. To allow the city council to remove the commissioners, under the pretext of abolishing the commission, only creates havoc and uncertainty. The people are entitled to more than this. Responsible people can hardly be blamed for refusing to serve on the commission or as its employees because the city council may unexpectedly and arbitrarily eliminate the positions and jobs held by the personnel and commission. A water works commission is charged by Ark. Stat. Ann. § 19-4226 with proper operation and management of municipal water works and is required to submit monthly reports and annual audits of its operations to the mayor and city council. The commission is also required to furnish such additional reports, data, and information as may be requested by the mayor or city council.

We have many times held that cities possess only such powers as are granted them by the Arkansas General Assembly. The power to abolish water works commissions is not granted by any statute which I have read. To say the least, the majority opinion will allow a city to utilize a very slipshod method in operating a business which handles peoples' money and has an important bearing on their health. I am of the opinion that the trial court was correct and should be affirmed.