CITY OF CABOT, et al. *v.* Edgar R. THOMPSON

85-69                                                         692 S.W.2d 235

Supreme Court of Arkansas
Opinion delivered July 8, 1985

*William Price Feland*, for appellants.

*Rice, Batton, Pierce & Swift, P.A.*, by: *Ben E. Rice*, for appellee.

JACK HOLT, JR., Chief Justice. At issue in this case is the authority of the City of Cabot to abolish its municipal court and reinstate a police court. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) as we are being asked to interpret the applicable statutes.

Cabot has been a city of the first class since 1971, which means it has a population of 4,000 or more. Ark. Stat. Ann. § 19-205 (Repl. 1980). It operated a police court until 1974, when the city council passed Ordinance No. 1 abolishing the police court and establishing in its place a municipal court. A conflict arose between the city and the municipal judge when the city council refused to hire a court reporter for the judge. The judge began reducing fines and, on September 24, 1984, the council passed Ordinance No. 4, abolishing the municipal court and reinstating a police court. The ordinance stated that the financial condition of the city necessitated its passage.

The appellee, who was the municipal judge, filed an action for declaratory judgment in chancery court asking that the council's action be declared void. He further sought an injunction restraining the city from holding a police court.

The chancery court found the city had no authority for its action and accordingly held Ordinance No. 4 is null and void. It is from that decision that this appeal is brought. We affirm.

City councils are authorized to create police courts in any cities of the second class. Ark. Stat. Ann. § 22-808 (Repl. 1962). Arkansas Stat. Ann. § 22-811 (Supp. 1983) provides:

> Whenever any city of the second class in this State shall, as a result of any special census or the decennial

federal census, be elevated by population to a city of the first class, said city may, by act of its governing body, provide for the establishment of a Police Court, to be supported on a fee basis, in lieu of a Municipal Court, *until such time* as the governing body of the city determines that sufficient funds are available to the city to support the cost of a Municipal Court which would otherwise be established in said City. *As soon as* the governing body of the city determines that said city has sufficient funds to defray its portion of the cost of operating a Municipal Court, *the city shall adopt* a resolution or ordinance providing for the creation of such court . . .

It is not the intention of this Act . . . to repeal any of the laws of this State concerning the establishment of Municipal Courts, but it is the intention of this Act to provide an alternative procedure whereby a city of limited financial means *may defer* the establishing of such Municipal Court . . . (emphasis added).

Once a municipal court is established by a city, Ark. Stat. Ann. § 22-702 (Repl. 1962) provides that the city's police court is abolished and its jurisdiction vests in the municipal court.

Pursuant to these statutes, city councils are empowered to create police courts and municipal courts. Once, however, a city of the second class attains first class status, § 22-811 permits them to create a municipal court as soon as the governing body determines they are financially able to do so. Provision is made in § 22-811 for the operation of a police court until the municipal court is created, but it is treated as an alternative which merely defers the creation of the municipal court and not one which replaces it. There is no statutory provision authorizing a city to abolish its municipal court and re-establish a police court due to financial problems within the city.

Appellants rely on the general rule that a legislative body has the authority to abolish what it creates, as enabling the city council to abolish a municipal court which was created by city ordinance. There are limitations to that rule, however, as explained in McQuillin, *Municipal Corporations*, § 21.10 p. 193 (1980):

Specific grant of power to repeal ordinances, . . . ordinarily is not necessary since it is the general rule that power to enact ordinances implies power, unless otherwise provided in the grant, to repeal them. It is patently obvious that the effectiveness of any legislative body would be entirely destroyed if the power to amend or repeal its legislative acts were taken away from it. *There is no implication of power to repeal, however, where an ordinance has been enacted under a narrow, limited grant of authority to do a single designated thing* in the manner and at the time prescribed by the legislature, which excludes the implication that the legislative body of the city is given any further jurisdiction over the subject than to do the one act. *In brief, no power of repeal exists as to an ordinance that constitutes the exercise of municipal power exhausted by its single exercise. This rule may govern, for example, the . . . creation by ordinance of a . . . city court . . .* (emphasis added).

■ The city created the municipal court under a narrow, limited grant of authority from the legislature. The legislature is the body empowered to provide laws for the organization of cities, Ark. Const. art. 12 § 3, and the creation of municipal corporation courts, Ark. Const. art. 7, § 1. Therefore, there is no implication of power for the city to repeal Ordinance No. 1 establishing the municipal court.

■ We followed this rule in *City of Berryville* v. *Binam*, 222 Ark. 962, 264 S.W.2d 421 (1954), where we found the city council could not abolish by ordinance a municipal office created by the legislature without express authority. We applied this rule again in *City of Augusta* v. *Angelo*, 225 Ark. 884, 286 S.W.2d 321 (1956), holding that the city council did not have power to abolish by ordinance an elective office. The position of municipal judge is an elective office and the appellee had been duly elected to a four year term at the time his office was abolished. The chancellor was correct in his determination that the city had no authority for its actions.

Although we are holding that the city acted without authority, the actions that precipitated this litigation warrant a brief comment.

As stated previously, when the city council refused to fund a court reporter for the municipal court, the appellee began reducing fines imposed on defendants who appeared before him in misdemeanor cases, doubtless a form of retaliation. This brought on the attempted abolishment of the municipal court by the city council.

The record does not provide enough information to draw conclusions as to the merits of the need for a court reporter, but for a judge to use the considerable powers of his office to force a decision which belongs to another branch of government, the Cabot City Council, brings no credit to the judicial branch and constitutes a misuse of judicial powers. What appellee cannot achieve by direct persuasion on merit alone, he ought not to seek by duress.

No doubt this problem will now be appropriately resolved in the proper place, the political forum.

Affirmed.

DUDLEY, J., not participating.