The Honorable James G. Dietz State Representative 7520 Highway 107 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion concerning the legality of a proposed ordinance of the city of North Little Rock which would require a three-quarter majority vote of the city council to pass any ordinance imposing or increasing any tax, fee, or charge on the businesses or citizens of North Little Rock.
In my opinion, the creation of the requirement of a three-quarter majority vote for the passage of a city ordinance would be contrary to state law. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4. Arkansas Code of 1987 Annotated §14-43-601(a)(1)(O) excepts from municipal affairs the "[p]rocedure for the passage of ordinances by the governing body." This procedure is a state affair and is subject to the general laws of the state. Under A.C.A. § 14-55-203(b), "a concurrence of a majority of a whole number of members elected to the council" is required to pass any ordinance.
It should also be noted that the requirement of a three-quarter majority vote may be construed by implication to curtail the power of a legislative body to undo by majority vote what it has been empowered to do by majority vote. The requirement of a three-quarter majority vote might be construed, depending on the circumstances, as an amendment to or modification of a previously enacted tax or law. It is a settled rule of law that whatever a municipal government may do by a majority vote, it may undo by a majority vote, absent constitutional or statutory restrictions.See City of Ward v. Ward Water Sewer System, 280 Ark. 177,179, 655 S.W.2d 454, 456 (1983); 62 C.J.S. MunicipalCorporations § 558(e) (1949); 56 Am.Jur.2d MunicipalCorporations § 239 (1971).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh