The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
This is in response to your request for an opinion concerning Ordinance #482 of the City of West Helena. The Ordinance is entitled:
 AN ORDINANCE CREATING A WATERWORKS COMMISSION, DEFINING THE AUTHORITY OF SAID COMMISSION, PROVIDING FOR THE APPOINTMENT OF MEMBERS THEREOF AND FOR OTHER PURPOSES[.]
Your specific questions are as follows:
1. Section 2:
 a. Were the three commissioners to serve a term of — one for four years, one for six years, and one for eight years?
 b. As each one finished their term beginning with the commissioner serving four years, was it the responsibility of the remaining two commissioners to appoint a successor who would serve for eight years?
 c. After each of the three commissioners completed their respective terms, are their successors appointed to serve eight years?
2. Section 12:
 a. Does Section 12 mean once the bonds were paid in full, the waterworks commission ceased to exist?
 b. If section 12 is binding and legal, what effect does it have on the validity of the ordinance?
c. Are the current commissioners legal?
 d. If they are acting illegally, does the Mayor have the right to appoint new commissioners?
 e. If section 12 is found to be legal, can the council rewrite section 12 without having to rewrite the entire ordinance?
RESPONSE
It must be initially noted in addressing these questions that ordinarily this office, in an opinions context, concerns itself with the construction of state law, and does not construe the language of local ordinances. The construction of city ordinances necessarily involves the intent of the city council enacting the same, a task for which this office is not particularly well situated. The city attorney or other counsel to whom the city normally looks for legal advice is in a better position to answer such questions.
I am therefore unable to answer those questions that involve construing Ordinance #482. I will, however, address the questions that raise state law issues, to the extent they do not involve questions of intent under the language of the Ordinance.
Question 1 — Regarding Section 2 of Ordinance #482
It is my opinion that the answer to all three of your questions regarding Section 2 of Ordinance #482 is "yes." This is in accordance with A.C.A. § 14-234-304(a)(2), which provides as follows under subsections (A) and (B):
 (A) . . . [C]ommissioners first appointed and confirmed shall serve for terms of four (4), six (6), and eight (8) years for a three — member commission, and for terms of two (2), four (4), six (6), seven (7), and eight (8) years for a five — member commission, each to be designated by the mayor and city council.
 (B) Thereafter, and upon the expiration of their respective terms, their successors shall be appointed by the remaining commissioners subject to the approval of two-thirds (2/3) of the duly elected and qualified members of the city council for a term of eight (8) years.
Although A.C.A. § 14-234-304 is not cited in Ordinance # 482, Section 2 of the Ordinance clearly tracks this Code section, and indeed it seems clear from the language of Ordinance #482 as a whole that the city council was acting pursuant to A.C.A. §§ 14-234-301 et seq. when it enacted this Ordinance creating a waterworks commission. See A.C.A. §14-234-302 (providing that "[a]ny city of the first or second class owning and operating a waterworks and distribution system, by appropriate action of its city council, may create a commission for the purpose of operating and managing the waterworks and distribution system.")
Thus, in accordance with the applicable state law, the first three appointed commissioners were to serve staggered terms of four, six, and eight years, with their immediate successors appointed for eight-year terms by the remaining commissioners and approved by two-thirds of the city council.[1]
Question 2 — Regarding Section 12 of Ordinance #482
I am unable to determine the meaning of Section 12 or the effect of this Section. While it is my opinion that the City Council likely has the authority to abolish the Waterworks Commission (see generally City ofWard v. Ward Water Sewer System, 280 Ark. 177, 655 S.W.2d 454
(1983)),[2] I cannot determine whether this was accomplished under this language. This question falls outside the ordinary scope of an opinion from this office, as it involves construing the ordinance to ascertain the council's intent.
I am thus unable to respond to most of your questions concerning Section 12 of Ordinance #482. Questions as to the binding nature or the legality of this Section necessarily require an initial determination of intent. Consultation with the city attorney or other counsel to whom the city normally looks for advice is advisable in this respect.
Assuming, however, that the current commissioners' appointments were confirmed by the city council according to law (see A.C.A. §14-234-304(a)(1) and (b)(2)), it is difficult to conclude that they are not serving legally. At the very least, they are de facto officers. A defacto officer is one who exercises an office either by virtue of some appointment or election, or of such acquiescence of the public as will authorize the presumption, at least, of a colorable appointment or election. Faucette Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918). Arkansas law recognizes the official acts of de facto officers as valid.See generally Brown v. Anderson, 210 Ark. 970, 198 S.W.2d 188 (1946).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] After the appointment of the immediate successors to the first three commissioners, subsequent appointments are made by the mayor and confirmed by a two-thirds vote of the city council. A.C.A. §14-234-304(a) (1) and Op. Att'y Gen. 93-286 at 2.
[2] In Ward, a majority of the city council adopted an ordinance abolishing the water and sewer commission. The ordinance also stated that the operation of the system would be under the mayor and city council. The court upheld this action, rejecting the argument that a water and sewer commission is a continuing authority that cannot be abolished.280 Ark. at 179. The court based its ruling on "the settled rule of law that whatever a municipal government may do by a majority vote, it may undo by majority vote, absent constitutional or statutory restrictions." Id.