The Honorable Calvin Johnson State Representative 3700 W. 12th Avenue Pine Bluff, AR 71603-2522
Dear Representative Johnson:
You have requested my opinion concerning the abolition of a municipal utilities commission.
You indicate that the commission in question was created by ordinance under the authority of what is now A.C.A. § 14-201-201 et seq. The ordinance gave an already-existing sewer commission the authority to operate various utilities, including a waterworks system. The mayor has now proposed an ordinance that will abolish the commission.
Your question is:
 Can a municipal utility commission be abolished by a simple majority vote of the city council, or is a 2/3 vote required?
RESPONSE
It is my opinion that a municipal utility commission that was created under the authority of A.C.A. § 14-201-201 et seq. can be abolished by the enactment of an ordinance that can be passed by a simple majority vote of the city council.
The provisions of A.C.A. § 14-201-201 et seq. authorize city councils to create a commission to operate, control, and supervise municipally owned public utilities, such as water, sewer, or electric plants. This set of statutes does not address the manner in which the commission may be abolished. However, Section 201 does state:
 (b) Nothing in this subchapter shall be construed to prohibit the city council of any city subject to the terms of this subchapter from repealing or amending any act which it may have passed pursuant to the authority conferred by this subchapter.
A.C.A. § 14-201-201(b).
Because there are no "terms of this subchapter" that address the manner in which the commission is to be abolished, it is necessary to look to the generally-applicable provisions of law concerning the amendment or repeal of an ordinance. The most pertinent statutory provisions are A.C.A. § 14-55-401 and A.C.A. § 14-55-203.
The first of these, A.C.A. § 14-55-401, states:
 All laws, ordinances, resolutions, or orders, lawfully passed and adopted by the city or town council, not inconsistent with the Constitution or laws of this state, shall be, remain, and continue in force until altered or repealed by the council.
A.C.A. § 14-55-401.
Under the above-quoted provision, the ordinance that created the municipal utility commission will continue in force until it has been repealed or altered by subsequent action of the council. Accordingly, the enactment of a subsequent ordinance that abolishes the commission will end the effectiveness of the previous ordinance. The enactment of this subsequent ordinance will be governed by the provisions of A.C.A. §14-55-203, which state in pertinent part:
 (b) To pass any bylaw, ordinance, resolution, or order, a concurrence of a majority of a whole number of members elected to the council shall be required.
A.C.A. § 14-55-203(b).
The above-quoted provision requires only a simple majority to enact an ordinance. Moreover, the provisions of A.C.A. § 14-201-201 et seq.,
authorizing the creation of the commission, do not require a 2/3 majority to enact an ordinance abolishing the commission, nor do they incorporate such a requirement from any other law by reference. In addition, I note that the utility commissions that are authorized by A.C.A. § 14-201-201
can be created by a simple majority vote, and the Arkansas Supreme Court has enunciated the principle that "whatever a municipal government may do by a majority vote, it may undo by majority vote, absent constitutional or statutory restrictions." City Of Ward v. Ward Water Sewer System,280 Ark. 177, 179, 655 S.W.2d 454 (1983), citing 62 C.J.S. Municipal Corporations, 558(e), p. 1040 (1949); 56 Am.Jur.2d Municipal Corporations, 239, p. 298 (1971). The City of Ward court went on to state: "It is a firm rule that the power to make legislation includes the power to repeal." Id. at 180, citing J. Dillon, Municipal Corporations, 584, vol. 2, p. 919 (5th ed. 1911).
You have expressed a concern that another provision of law requires a 2/3 majority vote to remove any member of a waterworks commission, and have inquired as to whether this requirement would apply to the utility commission in question since the utility commission has the authority to operate a waterworks system. I believe that you are referring either to the requirement that is stated in A.C.A. § 14-201-108, or to the requirement that is stated in A.C.A. § 14-234-305. Those requirements apply only to municipal waterworks commissions that are created under the authority of A.C.A. § 14-201-105 or A.C.A. § 14-234-302; they do not apply to municipal utility commissions that are created under the authority of A.C.A. § 14-201-201 et seq., such as the one about which you have inquired.[1]
Accordingly, I conclude that an ordinance abolishing a municipal utilities commission that was created under the authority of A.C.A. §14-201-201 et seq. can be passed by a simple majority of vote of the council.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It should also be noted that the 2/3 vote requirements of A.C.A. §14-201-108 and A.C.A. § 14-234-305 apply only to the removal of commission members (i.e., members of commissions created under the authority of A.C.A. § 14-201-105 or A.C.A. § 14-234-302); these requirements do not apply to the abolition of the commission itself. SeeCity Of Ward v. Ward Water Sewer System, 280 Ark. 177, 179,655 S.W.2d 454 (1983) (removal of commission members is not equivalent to abolition of commission). The abolition of commissions created under the authority of A.C.A. § 14-201-105 is addressed in A.C.A. § 14-201-109, and sets forth a different requirement for the abolition of such commissions. The abolition of commissions created under the authority of A.C.A. § 14-234-302 is not addressed by statute.