CITY of PINE BLUFF, Arkansas  *v.*
SOUTHERN STATES POLICE BENEVOLENT
ASSOCIATION, INC., and Robert Henderson

07-811                                              285 S.W.3d 217

Supreme Court of Arkansas
Opinion delivered May 29, 2008

*Mark R. Hayes*, for appellant.

*William O. "Bill" James, Jr.*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The City of Pine Bluff appeals from an order of the Jefferson County Circuit

Court granting a permanent injunction in favor of Appellees, the Southern States Police Benevolent Association, Inc., and Robert Henderson. The circuit court found that the Pine Bluff City Council had passed an ordinance removing all members of the civil service commission by less than a two-thirds vote and without cause, in violation of Ark. Code Ann. § 14-50-210 (Repl. 1998).[1] The city alleges that the circuit court's ruling was in error for three reasons: 1) Arkansas law allows a city to abolish its civil service commission by majority vote; 2) the city council's abolishment of the civil service commission complies with the due-process requirements of the United States Constitution; 3) Appellees' claim of a contractual right in the conditions of employment is irrelevant to the city's ability to abolish its civil service commission. Because this appeal involves a substantial question of law concerning the interpretation of an act of the General Assembly and an ordinance of a municipality, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6) (2007). We agree with the city's argument as to the first point; accordingly, we reverse and remand for decision on the remaining points.

On August 16, 1949, the Pine Bluff City Council passed Ordinance No. 2994 by majority vote. The ordinance established the city's civil service commission and was deemed "necessary for the preservation of the public health, peace and safety and for the proper administration of the Police and Fire Departments" of the city. At that time, Act 28 of 1933 required the city council or other governing body of all cities having an organized fire department and all cities of the first class having a police department to establish a civil service commission for the police and fire departments. Act of Feb. 13, 1933, No. 28, 1933 Ark. Acts 65. Civil service commissions were to "prescribe, amend and enforce rules and regulations governing the fire and police departments of their respective cities." 1933 Ark. Acts at 68. The "Rules and Regulations" ultimately adopted by the Pine Bluff Civil Service Commission defined the purpose of the commission and its rules as follows:

---

[1] Section 14-50-210, which provides that a city council, by a two-thirds vote, may remove a civil service commissioner during his or her term of office for cause, is part of the chapter governing civil service systems for nonuniformed employees of cities with populations between 20,000 and 75,000. *See* Ark. Code Ann. § 14-50-101 (Repl. 1998). Section 14-51-210, which is part of the chapter governing civil service systems for police and fire departments, and which is actually at issue here, is essentially identical to section 14-50-210. *See* Ark. Code Ann. §§ 14-51-101 to -102 (Repl. 1998) and Ark. Code Ann. § 14-51-210 (Repl. 1998).

It is the purpose of these rules to establish procedures for handling personnel activities and transactions provided for in the Civil Service Law and in such manner as to insure that the primary and controlling factor in making appointments and dismissals, in determining promotions and demotions, and in doing all other things which may in any way affect any employee or prospective employee coming within the purview of the Act will always be the merit and fitness of the individual concerned without regard to race, color, national origin, religion, sex, political opinions or affiliations.

Act 166 of 1971 removed the requirement of the establishment of a civil service commission, stating instead that cities of the first class "*may* establish a Board of Civil Service Commissioners for the Police and Fire Departments of such cities." Act of Feb. 26, 1971, No. 166, § 1, 1971 Ark. Acts 412, 412 (emphasis added).[2] Act 166 is currently codified in part at Ark. Code Ann. § 14-51-102 (Repl. 1998). In accordance with section 14-51-102, the Pine Bluff City Council enacted Ordinance No. 6221 by majority vote on April 16, 2007. Ordinance No. 6221 purports to repeal Ordinance No. 2994 and abolish the civil service commission and the entire civil service system for uniformed employees of the city. The ordinance passed with five votes in favor and three against.

On April 17, 2007, the Southern States Police Benevolent Association and Henderson, as a representative of a class consisting of Pine Bluff police officers, filed a complaint against the city in the circuit court. The complaint alleged that the city council acted contrary to Arkansas law in passing the ordinance by less than the required two-thirds vote, that the civil service statutes do not provide for the abolishment of a civil service commission, that the council's actions deprived class members of property and contract rights in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and that the council acted in bad faith by passing Ordinance No. 6221 for personal reasons. Accordingly, the Association and Henderson requested a declaratory judgment declaring Ordinance No. 6221 null and void, ordering that it have no effect, and reinstating the civil service commission. They also requested that the court temporarily and permanently enjoin the city from abolishing the civil service commission.

The circuit court issued a temporary restraining order on the same date, enjoining the enforcement of Ordinance No. 6221

[2] The parties in the case at bar agreed that Pine Bluff is a city of the first class.

until the matter could be heard. The city filed an answer as well as a counterclaim for declaratory judgment, seeking a declaration that the enactment of Ordinance No. 6221 was lawful and effective and that the city had the right to abolish and had in fact abolished the civil service commission. Following a hearing on the complaint and counterclaim, the circuit court entered an order making permanent the previously entered temporary restraining order. Specifically, the court found that the city council had removed all members of the civil service commission by less than a two-thirds vote and without cause, in violation of Ark. Code Ann. § 14-50-210 (Repl. 1998). Thus, the court declared Ordinance No. 6221 to be "null, void, and of no effect." The city filed a timely notice of appeal.

The first issue before us involves the interpretation of Ark. Code Ann. § 14-51-210. We review issues of statutory interpretation de novo. *Maddox v. City of Fort Smith*, 369 Ark. 143, 251 S.W.3d 281 (2007). It is for this court to decide what a statute means. *Id.* In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.* When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure and doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* When a statute is clear, however, it is given its plain meaning, and we will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.* We are very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

Section 14-51-210, titled "Removal of commissioner," reads as follows, in its entirety:

> (a) The city council or governing body of the city, by a two-thirds (2/3) vote, may remove any of the commissioners during their term of office for cause.

(b) In the event of the removal of one (1) or more of the commissioners, the council or governing body shall fill the vacancy created by the removal.

Ark. Code Ann. § 14-51-210 (Repl. 1998). We have interpreted this language, as it originally appeared in Act 28 of 1933, and stated that "the meaning here is plain that the city council, by a two-thirds vote, could remove for cause one, or all, of the civil service commissioners by the resolution . . . and that it had the right to determine what would be a sufficient cause, the statute being silent as to the method of removal or the specific cause for which the commissioners may be removed." *McAllister v. McAllister*, 200 Ark. 171, 178, 138 S.W.2d 1040, 1044 (1940). However, as the City of Pine Bluff notes, the resolution at issue in *McAllister* attempted to remove individual commissioners from office; it did not attempt to abolish the commission altogether. We agree that *McAllister* is inapposite.

We have, more recently, addressed the abolishment of commissions by city councils. In *City of Ward v. Ward Water & Sewer System by Pehosh*, 280 Ark. 177, 655 S.W.2d 454 (1983), the Ward City Council, by majority vote, enacted an ordinance providing for the abolishment of the Ward Water and Sewer Commission, which the council had previously created by ordinance. At issue was the predecessor to Ark. Code Ann. § 14-234-305 (Repl. 1998), which provides that any commissioner on a waterworks commission may be removed for cause upon a two-thirds vote of the duly elected and qualified members of the city council. *Id.* In addressing the argument that the Water and Sewer Commission could only be abolished by a two-thirds vote and with cause, we held that "[t]he removal of one or more commissioners for cause cannot be equated with the abolishment of the commission itself, although it has the obvious effect of separating the commissioner from the office he holds. But he has not been removed, the office itself has been terminated." *Id.* at 178, 655 S.W.2d at 455. We observed that no statute expressly permitted the abolishment of the commission but also that no statute restricted the power of the city to do so. *Id.* We held that the city council thus had the power to abolish the water and sewer commission, noting that the question of whether the abolishment would be in the city's best interest was not before us. *Id.*

In accordance with this precedent and with our standard of review for statutory interpretation, we hold that the circuit court erred in determining that Ark. Code Ann. § 14-51-210 is

applicable to the abolishment of a civil service commission. Under the plain language of the statute, it applies only to the removal of individual commissioners, and not to the abolishment of a commission altogether. Pursuant to subsection (b) of section 14-51-210, which provides that the council shall fill a vacancy created by the removal of one or more commissioners, replacement of commissioners subject to removal is mandatory; thus, the commission could never be abolished pursuant to the terms of this statute, by a two-thirds vote or otherwise. Moreover, as we stated in *City of Ward, supra*, the removal of commissioners cannot be equated with the abolishment of a commission. *City of Ward*, like the instant case, involved a commission created by the city council, the establishment of which was not legislatively required. *See* Ark. Code Ann. § 14-234-303 (Supp. 2007). The removal statute for waterworks commissions imposes the same requirements as the statute at issue here. *See* Ark. Code Ann. § 14-234-305 and § 14-51-210. It is well settled that any interpretation of a statute by this court becomes a part of the statute itself. *Combs v. City of Springdale*, 366 Ark. 31, 233 S.W.3d 130 (2006). Since our 1983 decision in *City of Ward*, wherein we held that the city was not deprived of the power to abolish its water and sewer commission, the legislature has not chosen to apply the removal requirements to the abolishment of waterworks commissions. Accordingly, we hold that the removal requirements of Ark. Code Ann. § 14-51-210 do not apply in the case of abolishment of a commission. The Pine Bluff City Council was free to abolish its civil service commission by majority vote.

The Association and Henderson argue that the legislature's intent to insulate civil service commissions from political influence requires that the bar to abolishment be higher. We hold that the statute is unambiguous, meaning there is no need to infer legislative intent. We also note, however, that we disposed of the same concern in *City of Ward*:

> The requirement . . . that a commissioner can be removed only for cause by a two-thirds vote is doubtless intended to promote the autonomy of the commission and to insure its independence, but the provision cannot be construed by implication to curtail the power of a legislative body to undo by majority vote what it is empowered to do by majority vote.

*City of Ward*, 280 Ark. at 178-79, 655 S.W.2d at 455. The wisdom of the city council's decision to abolish the civil service commission is not for us to decide. We merely hold that it is within its authority to do so.

In *City of Ward*, we reversed the lower court's ruling that the city council had not legally abolished the commission on the basis of "the settled rule of law that whatever a municipal government may do by a majority vote, it may undo by majority vote, absent constitutional or statutory restrictions." *Id.* at 179, 655 S.W.2d at 456. The general rule is similarly operable in the instant case. Because Ark. Code Ann. § 14-51-210 is not applicable in this situation, and because the Pine Bluff City Council was free to establish its civil service commission by majority vote, it is free to abolish its civil service commission by majority vote as well.

Other arguments for reversal are propounded by the city, namely, that the due-process and contractual-rights claims alleged by the Association and Henderson below are without merit. In addition, the Association and Henderson assert that the actions of the city council were taken in bad faith, thus precluding their right to repeal Ordinance No. 2994. These arguments were not properly preserved for our review, as the circuit court did not provide a ruling on them. It is well settled that to preserve arguments for appeal, even constitutional ones, the party making the argument must obtain a ruling below. *City of Barling v. Fort Chaffee Redevelopment Auth.*, 347 Ark. 105, 60 S.W.3d 443 (2001). Therefore, we remand for decision on these points.

Reversed and remanded.